UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RONALD MARTINEZ, | Case No.: 12cv1298-GPC (MDD) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINT'FF'S MOTION TO APPOINT COUNSEL** |
| v. | |
| R. MADDEN, et al., | **[ECF No. 31]** |
| Defendants. | |

On September 2, 2014, Plaintiff filed a Request for Appointment of Counsel. (ECF No. 31.) In his Motion, Plaintiff contends that counsel should be appointed because 1) he is indigent and lacks legal training to represent himself in his complex claims, 2) Defendants are invoking the "official information privilege" and the "critical self-analysis privilege" to avoid producing documents and information Plaintiff has demanded, 3) appointment of counsel for Plaintiff will enable him to develop his case more efficiently, and 4) Plaintiff has sought pro bono representation from several attorneys without success. (*Id.* at 2-3).

1    "[T]here is no absolute right to counsel in civil proceedings."
2    *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994)
3    (citation omitted).  Thus, federal courts do not have the authority "to
4    make coercive appointments of counsel."  *Mallard v. United States*
5    *District Court*, 490 U.S. 296, 310 (1989); *see also United States v.*
6    *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

7    Districts courts have discretion, however, pursuant to 28 U.S.C. §
8    1915(e)(1), to "request" that an attorney represent indigent civil
9    litigants upon a showing of exceptional circumstances.  *See Terrell v.*
10   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*,
11   883 F.2d 819, 824 (9th Cir. 1989).  "A finding of exceptional
12   circumstances requires an evaluation of both the 'likelihood of success
13   on the merits and the ability of the plaintiff to articulate his claims pro
14   se in light of the complexity of the legal issues involved.'  Neither of
15   these issues is dispositive and both must be viewed together before
16   reaching a decision.'"  *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v.*
17   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

18   Plaintiff has not stated exceptional circumstances that would
19   justify the appointment of counsel.  A review of the Complaint and

1  Plaintiff's other filings indicate that Plaintiff is able to articulate and
2  pursue his claims.  Further, the claims presented in the Complaint are
3  not overly complex and Plaintiff has not demonstrated a strong
4  likelihood of success.  Accordingly, Plaintiff's Motion is **DENIED**.

6  **IT IS SO ORDERED.**

8  DATED:  September 18, 2014

_____
Hon. Mitchell D. Dembin
U.S. Magistrate Judge